**RON MEAD T.V. & APPLIANCE, a Corporation, Appellant,**

v.

**LEGENDARY HOMES, INC., a Corporation, Appellee.**

**No. 66621.**

Court of Appeals of Oklahoma, Division No. 3.

Nov. 17, 1987.

Stan Chatman, Yukon, for appellant.

Joe S. Rolston, III, Monica A. Amis, Oklahoma City, for appellee.

HANSEN, Presiding Judge:

Plaintiff, Ron Mead, is a retail merchant selling household appliances. Defendant, Legendary Homes, is a home builder. Defendant purchased appliances from Plaintiff for installation in one of its homes. The appliances were to be delivered on February 1, 1984. At five o'clock on that day the appliances had not been delivered. Defendant closed the home and left. Sometime between five and six thirty Plaintiff delivered the appliances. No one was at the home so the deliveryman put the appliances in the garage. During the night someone stole the appliances.

Defendant denied it was responsible for the loss and refused to pay Plaintiff for the appliances. This suit resulted.

After a non-jury trial the court issued a "Memorandum Opinion" finding § 2–509 of the Uniform Commercial Code, 12A O.S. 1981 controlled. This section provides: "The risk of loss passes to the Buyer on his receipt of the goods." The trial court found Defendant had not received the goods, thus the risk of loss remained with Plaintiff. Plaintiff appeals the judgment rendered in favor of Defendant.

Plaintiff first argues the trial court erred in failing to make specific findings of fact and conclusions of law pursuant to 12 O.S. 1981 § 611 as it requested, citing *Board of Education of City of Sapulpa v. Board of Commissioners of Creek County*, 127 Okl. 132, 260 P. 22 (1927). That decision held the same provisions of an earlier statute were mandatory and the failure of the court to so act when findings were properly requested denied a substantial right and was reversible error.

However, in *Davis v. School District No. D–14 LeFlore County*, 625 P.2d

630 (Okla.1981), the Supreme Court held where the judgment clearly resolved the issues, it was not prejudicial error to deny a request for separate findings of fact. It is not required to set out facts in greater detail than necessary for a correct decision of the questions of law involved in the case, in the event an action is reviewed by a higher court.

■ Herein the trial court set out the basis for its decision in detail as to the sections of the Uniform Commercial Code upon which it relied. Plaintiff does not advise us how it was prejudiced by the trial court's denial of its request for specific findings of fact. Thus, there is no reversible error on this basis.

■ Plaintiff next submits the trial court erred in concluding Plaintiff did not establish usage of trade in leaving appliances unattended at a building site. The trial court found the record was void of any evidence which would show the method of delivery used by Plaintiff was pursuant to a "course of dealing" between the parties which would waive or excuse the requirements of 12A O.S.1981 § 2–503.[1]

Section 1–205(2) defines "usage of trade" as any "practice or method of dealing having such regularity of observance in a place, vocation or trade as to justify an expectation that it will be observed with respect to the transaction in question." Although there was testimony some builders allow deliveries to be made to unattended job sites, nothing indicated such practice was uniformly observed after working hours unless specifically agreed to by the parties.

■ Although there was conflicting testimony between witnesses whether Defendant advised Plaintiff to deliver the appliances before noon, nothing appears in the record to indicate there was any agreement the appliances would be accepted after hours.

Section 2–103 defines "receipt" of goods as taking physical possession of them. We agree with the trial court "(t)he act by the deliveryman of placing the goods in an unlocked garage, in a house under construction, and then locking the door did not give the Buyer the opportunity to take physical possession (of them)."

Credibility of witnesses and weight and value to be given to their testimony is for the trial court on waiver of a jury, and conclusions there reached will not be disturbed on appeal, unless appearing clearly to be based upon caprice or to be without any reasonable foundation.[2] Accordingly, the trial court is affirmed.

Defendant's request for appeal related attorney fees pursuant to 20 O.S.1986 Supp. § 15.1 is hereby denied.

HUNTER and BAILEY, JJ., concur.

1. This section provides in pertinent part:
   (1) Tender of delivery requires that the seller put and hold conforming goods at the buyer's disposition and give the buyer any notification reasonably necessary to enable him to take delivery. The manner, time and place for tender are determined by the agreement and this Article, and in particular
   (a) tender must be at a reasonable hour, and if it is of goods they must be kept available for

the period reasonably necessary to enable the buyer to take possession; but
   (b) unless otherwise agreed the buyer must furnish facilities reasonably suited to the receipt of the goods.

2. *Livingston v. Bonham,* 308 P.2d 657 (Okla. 1957).